# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILL DIVISION

| | |
|---|---|
| **JEFFERY LYNN TABOR,** | ) |
| **Plaintiff,** | ) |
| | ) No. 2:23-cv-00008 |
| v. | ) |
| **AMANDA WORLEY,** *General Sessions Judge, et al.,* | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff Jeffery Lynn Tabor, a pretrial detainee in the custody of the Cumberland County Justice Center in Crossville, Tennessee, filed a pro se, in forma pauperis action against Amanda Worley, Casey Cox, and Cumberland County, Tennessee, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also filed a "Motion/Request" asking the Court to serve Defendants (Doc. No. 5) and a supplement to his complaint (Doc. No. 7).

The complaint as supplemented is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED IN THE COMPLAINT

Prior to his arrest, Plaintiff ran a tree service. On November 18, 2022, Plaintiff was looking at trees on a property on Sparta Drive in Crossville, Tennessee. Amanda Worley, who is a General Sessions Judge, arrived at the property next door and thought Plaintiff was a thief. Although the

complaint does not explicitly say so, it appears that Judge Worley then had Plaintiff arrested. According to the complaint, Judge Worley "allowed [a] false affidavit plus allowed and ruled on [Plaintiff] staying incarcerated on an unarrestable [sic] offense that [Plaintiff] has never been convicted on . . . ." (Doc. No. 1 at 4). While detained, Plaintiff has not been allowed to accrue good time credits for his work as a trustee at the jail.

Plaintiff's stepfather, Alvin Douglas Sink, abused Plaintiff when he was a child. As a child, Plaintiff observed murders and dead bodies related to Sink's drug dealing. Plaintiff told people at the jail about his knowledge of where dead bodies were buried. Sheriff Casey Cox does not want Plaintiff to speak about this matter because Sheriff Cox is friends with Sink. As a favor to Sheriff Cox, Judge Worley "violated [Plaintiff's] probation . . . to shut [Plaintiff] up" about the dead bodies. (Id. at 5).

Sheriff Cox responded to a 911 incident "commanding his deputy to arrest [Plaintiff] when [he] did nothing wrong except protect [his] child." (Doc. No. 7 at 3). Judge Worley and Sheriff Cox "purposely" took Plaintiff away from his child. (Id.)

Amanda Worley, prior to becoming a judge, had prosecuted Plaintiff in the past for "making a legit 911 call." (Id. at 1).

The food portions at the Cumberland County Justice Center are too small. The jail does not permit food to be ordered from the commissary and, even if such orders were permitted, Plaintiff would not be able to afford to order food from the commissary. Plaintiff has lost "a lot" of weight and he stays hungry. (Id. at 6). Tomato paste is served as a "main serving", and sometimes a grilled cheese sandwich is served as an entire meal. (Id. at 5). Some days, the complaint alleges, meals are not provided at all. (Id. at 4). The complaint alleges that Plaintiff "starve[s] every night" and

has experienced "rapid weight loss." (Id.) According to Plaintiff, the food portions are too small so as to encourage inmates to accept plea deals. (Id.)

D. ANALYSIS

The complaint names General Sessions Judge Amanda Worley and Sheriff Casey Cox in their individual and official capacities as well as Cumberland County, Tennessee as Defendants to this action.

1. *Arrest-Related Claims*

Plaintiff's supplement to the complaint provides more allegations supporting Plaintiff's claims. After a careful review of the complaint and supplement, it appears that Plaintiff may be attempting to pursue claims based on two different arrests: one that occurred on November 18, 2022 while Plaintiff was working in the tree service business and another that occurred an unspecified date after Plaintiff made a 911 call concerning his daughter. These arrests appear to be unrelated, other than both involve Judge Worley in some way.

At this time, it is unclear whether claims related to the 911 call arrest are within the applicable statute of limitations[1] and whether both arrests can be challenged in the same action. Given Plaintiff's pro se status, the Court will permit Plaintiff an opportunity to amend his complaint to more clearly set forth his allegations pertaining to these two arrests, if he desires. Any amended complaint must be filed no later than 30 days after entry of this Order. If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA

---

[1] Title 42 U.S.C. § 1983 itself does not contain a statute of limitations. "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The Sixth Circuit Court of Appeals has specifically noted that the applicable limitations period in Tennessee is one year based on Tennessee Code Annotated § 28-3-104(a). Howell v. Farris, 655 F. App'x 349, 351 (6th Cir. 2016) (citing Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000)). Accordingly, the statute of limitations for Plaintiff's Section 1983 claims is one year.

4

upon receipt. If Plaintiff fails to file an amended complaint after 30 days, the Court will complete the required PLRA screening with the original complaint. In any event, Plaintiff's conditions-of-confinement claim against Sheriff Cox in his individual capacity, as discussed below, will proceed beyond the PLRA screening.

2. *Conditions-of-Confinement Claims*

The Court can proceed with required PLRA review of Plaintiff's Eighth Amendment conditions-of-confinement claims under Section 1983 against Sheriff Cox and Cumberland County, Tennessee. The Eighth Amendment of the United States Constitution "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (collecting cases); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

Plaintiff, however, is a pretrial detainee. Pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause (and not the Eighth Amendment) from conditions of confinement that "amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) (explaining that "[d]ue process requires that a pretrial detainee not be punished," while an inmate who has been convicted and sentenced "may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment"); Bensfield v. Murray, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing Brawner v. Scott Cnty., 14 F.4th 585, 591 (6th Cir. 2021) ("The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees.")). Under this standard, a plaintiff must satisfy two requirements. First, the

5

plaintiff "must show 'that [he or she] is incarcerated under conditions posing a substantial risk of serious harm.'" Bensfield, 2022 WL 508902, at *2 (citing Farmer, 511 U.S. 825, 834); see also Westmoreland v. Butler Cnty., 29 F.4th 721, 728 (6th Cir. 2022). Second, the "plaintiff must show that [a defendant] acted 'deliberately' and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Brawner, 14 F.4th at 596).

Here, the complaint alleges that Plaintiff was subjected to unconstitutional conditions of confinement when he was served inadequate meals or no meals at all while detained at the Cumberland County jail. He attributes this treatment to Sheriff Cox who Plaintiff sues in his individual and official capacities.

The first element of a conditions-of-confinement claim brought by a pretrial detainee requires that the plaintiff show "'that [he or she] is incarcerated under conditions posing a substantial risk of serious harm.'" See Bensfield, 2022 WL 508902, at *2 (citing Farmer, 511 U.S. 825, 834). Inmates must be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" Butler v. Jewell, 869 F.2d 1488 (6th Cir. 1989) (quoting Green v. Ferrell, 801 F.2d 765, 770 n.5 (5th Cir. 1986)). The Sixth Circuit has previously observed in the related Eighth Amendment context that "the withholding of meals, while it may result in some discomfort to the prisoner" does not amount to a constitutional violation when "the prisoner continues to receive adequate nutrition." Richmond v. Settles, 450 F. App'x 448, 456 (6th Cir. 2011) (citing Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir. 1982)). Here, however, the complaint not only alleges that Plaintiff has been denied meals at times but that every meal served to Plaintiff contains inadequate portions. As a result, the complaint alleges that Plaintiff "starve[s] every night" and has experienced "rapid weight loss" ultimately leading to "a lot" of weight lost.

6

(Doc. No. 7 at 4-6). The Court finds that these allegations could support an inference that Plaintiff is incarcerated under conditions posing a substantial risk of serious harm.

The second element of a conditions-of-confinement claim brought by a pretrial detainee requires that the plaintiff show "that [a defendant] acted 'deliberately' and 'recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Brawner, 14 F.4th at 596). According to the complaint, Sheriff Cox knows Plaintiff is losing weight and is purposefully "underfeeding" Plaintiff to encourage Plaintiff to accept a plea deal. The Court finds that these allegations could support an inference that Sheriff Cox has acted, and is acting, deliberately or recklessly in the face of an unjustifiably high risk of harm to Plaintiff about which Sheriff Cox knew.

The Court therefore finds, for purposes of the required PLRA screening, that Plaintiff's allegations state a non-frivolous Fourteenth Amendment claim against Sheriff Cox in his individual capacity. Plaintiff, of course, will be required to support his allegations as this action progresses.

The Court now moves to Plaintiff's conditions-of-confinement claims against Sheriff Cox in his official capacity. When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Sheriff Cox is an employee of Cumberland County, Tennessee. (Doc. No. 1 at 2). Thus, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by Cumberland County or its agent. Monell Dep't of Social Svcs., 436 U.S. 658, 690-691 (1978). In short, for the Cumberland County to be liable Plaintiff under Section 1983, there must be a direct causal link between an

7

official policy or custom and the alleged violation of Plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell, 436 U.S. 658, 693); Regets v. City of Plymouth, 568 F. App'x 380, 393 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the Cumberland County under Section 1983 with regard to Plaintiff's conditions-of-confinement claim. The complaint does not identify or describe any of the county's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the county on notice of a problem. See Okolo v. Metro. Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metro. Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metro. Gov't of Nashville, No. 3:10-cv-0589, 2010 WL 3619790, at *2-3 (M.D. Tenn. Sept. 13, 2010). Consequently, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Cumberland County, Tennessee. Plaintiff's Section 1983 conditions-of-confinement claims against Sheriff Cox in his official capacity (which are claims against Cumberland County, Tennessee) therefore must be dismissed.

## II. CONCLUSION

Having screened the amended complaint pursuant to the PRLA, the Court finds that Plaintiff's allegations state a colorable conditions-of-confinement claim under the Fourteenth Amendment against Sheriff Casey Cox in his individual capacity. This claim will proceed.

However, Plaintiff's conditions-of-confinement claim under the Fourteenth Amendment against Sheriff Casey Cox in his official capacity, which is actually a claim against Cumberland County, Tennessee, fails to state a Section 1983 claim upon which relief can be granted. That claim will be dismissed.

The Court will permit Plaintiff to amend his complaint, if he so desires to more clearly set forth his allegations pertaining to the two arrests referenced in his complaint and supplement. Any amended complaint must be filed no later than 30 days after entry of this Order. If Plaintiff submits a timely amended complaint, the Court will screen the amended complaint pursuant to the PLRA upon receipt. If Plaintiff fails to file an amended complaint after 30 days, the Court will complete the required PLRA screening with the original complaint.

Plaintiff's "Motion/Request" (Doc. No. 5) will be addressed by the Court after the time has passed for Plaintiff to file an amended complaint.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE